KIMBALL & SINGER v. FULLER & MILLARD.

A promissory note not being payable until after the expiration of the three days of grace, prescription only commences to run from that date.

APPEAL from the District Court of the Parish of S. Martin, *Voorhies*, J. *J. G. Olivier*, for plaintiffs. *DeBlanc & Fuselier*, for defendants and appellants.

COLE, J. This is an action upon a promissory note.

Plaintiffs, administrators of the estate of *Jaspard M. Singer*, aver that he was at his decease the holder and owner of the note ; that it was drawn by the defendants, who were then commercial partners,· and made payable to the order of one *Hector Pritchard*, who, subsequently and before maturity, transferred it by blank indorsement to said *J. M. Singer*. That said note is secured by mortgage upon certain property, of which it was a part of the price.

Defendants aver, that the note has been extinguished by compensation and payment ; that there was a note bearing mortgage on said property in favor of *Miller & Murphy*, vendors of a part of said property to *Pritchard*, for more than sufficient to compensate the note upon which this suit has been instituted.

That said *Jaspard M. Singer* had assumed to pay one-sixth of the said mortgage· note, due *Miller & Murphy*. That *Miller & Murphy* were about to execute their mortgage against the said property in possession of defendants, and in order to protect their property, defendants were obliged to pay not only the share for which they were responsible, but also the share of said *Jaspard M. Singer*, for which he was individually liable.

This plea cannot be maintained, for the following reasons :

On the 26th June, 1846, articles of agreement were executed between *Jaspard M. Singer* and *Fuller*, one of the defendants, by which *Singer* " sold his rights, credits and interest to·all property owned by him in company with *H. Pritchard*, *E. W. Fuller* and *N. P. Millard*, namely : all his interest in the Chicot Pass sawmill, and all the lands and improvements thereon, which he bought of *Hector*

*Pritchard* as described in an act of sale from said *Pritchard* to *E. W. Fuller, J. M. Singer* and *N. P. Millard,* wherein the said *Pritchard* sold one-sixth of the said land and improvements to the said *J. M. Singer,* which the said *Singer* now sells to *E. W. Fuller,* &c."

A part of the consideration of this sale was, that said *Fuller* bound himself to pay " all the said *J. M. Singer's* liabilities, as a partner in the firm of *Pritchard, Fuller & Co.* as they stood on the 1st of January, 1846."

That the debt of *Singer* for the one-sixth of the property was included in the liabilities mentioned in the preceding sale appears from the articles of agreement between *H. Pritchard, E. W. Fuller, J. M. Singer* and *N. P. Millard,* on the 9th October, 1844.

They declare that they had formed a copartnership " for the purpose of transacting all kinds of lawful business ; that of sawing, freighting and selling lumber in particular, keel and steamboating, &c., under the style and name of *Pritchard, Fuller & Co.*"

" And that on the abovementioned day the said *Pritchard* sold to the said *Fuller* one-third, and to *Singer* and *Millard* one-sixth each of the Lake Chicot sawmill ; also an equal proportion to each one of all the lands, tools, cattle, beasts, and everything belonging to the aforesaid saw-mill when purchased by the said *Pritchard* of *John B. Murphy* and *John F. Miller ;* also a right of preëmption obtained by the said *Pritchard* of the United States of America, to a fraction of land bordering on Lake Chicot Pass and Grand Lake, on which the said sawmill stands. Each agreeing to pay to the said *Pritchard* the *pro rata* share he has bought of said property, in amount *equal* to the sum paid by said *Pritchard* in his purchase of said *Murphy & Miller,* and all incidental expenses included, which sums are to be paid by causing an *equal* amount of said *Pritchard's* notes given to the said *John B. Murphy* and *John F. Miller,* on the purchase of said property to be cancelled," &c.

It appears clear from this act that one of the liabilities of *Singer,* as a partner, was to pay one-sixth of the notes due by *Pritchard* to *Murphy & Miller.*

*Singer* and his copartners could not have conducted their business unless they remained in possession of the saw-mill ; and they could not retain possession unless they paid its price and that of the other property connected with it.

It was as much one of *Singer's* liabilities, as a partner, to pay the price of his share of the property, as it would have been to have complied with his obligation if he had agreed to furnish a certain amount of cash, as a part of the capital of the firm of which he was a member.

*Singer* evidently substituted *Fuller* in his place, as vendee of *Pritchard,* and as a partner in the firm, so far as relates to the partnership debts, and *Fuller* assumed all the responsibilities of *Singer* towards *Pritchard,* as his vendee, and also all the liabilities of *Singer* for the partnership debts.

It cannot be successfully contended, that *Fuller* assumed the personal liabilities of *Singer* for debts contracted by the partnership in the conduct of their business as a commercial firm, and not the liability of *Singer* for his proportion of the real estate possessed by the partnership ; because the subject-matter of the sale was the interest possessed by *Singer* in landed property ; and it is not reasonable to suppose that in selling it, he would leave a mortgage debt suspended over him, and provide for paying all his liabilities except this. The usual course of business is to oblige the vendee to assume the liabilities of the vendor for the price of the property, and to agree to pay all mortgages thereon.

KIMBALL
v.
FULLER

Besides, the debt of *Singer* to *Pritchard* was one of his liabilities as a partner, which his obligations to his copartners necessitated him to pay, or to provide for its payment, by getting a third party to assume.

It is evident, therefore, when *Fuller* paid the mortgage debt, formerly due by *Singer*, he only paid what he owed, and, as the District Judge justly remarks, " That whatever payments were made by *Fuller* inured to his own benefit and extinguished his liabilities, that he could not recover from the estate of *Singer* the amounts thus paid ; and, as a consequence, his assignment of these notes to *Fuller* and *Millard*, the defendants, could not confer greater rights to that firm."

The plea of prescription of five years is plead by defendants.

The note sued upon being due in all the month of March was so on the 31st of March, 1849, and did not become payable till after the expiration of the three days of grace, to wit : on the third of April, and as the petition was filed on the 31st March, 1854, and the citation was served on the defendants on the 1st April, 1854, the plea of prescription cannot prevail. *Wood* v. *Mullen*, 3 R. p. 395 ; *Wagner* v. *Kenner*, 2 R. p. 121 ; *DeArmas* v. *DeArmas*, 3 A. 528.

Judgment affirmed, with costs.